UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANTONIO J. ORTIZ-CARBALLO,

    Plaintiff,

v.                                  CASE NO.: 5:08-CV-00165-OC-10GRJ

DAVID R. ELLSPERMANN,
CLERK OF THE CIRCUIT COURT,
FIFTH JUDICIAL CIRCUIT IN AND
FOR MARION COUNTY, FLORIDA,

    Defendant.
_____/

## MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF

    Cynthia N. Sass, Esquire, and Kendra D. Presswood, Esquire, of the Law Offices of Cynthia N. Sass., P.A., hereby move to withdraw as counsel for Plaintiff, Antonio J. Ortiz-Carballo ("Plaintiff"), and in support thereof, states as follows:

    1.    Cynthia N. Sass and Kendra D. Presswood, of the Law Offices of Cynthia N. Sass., P.A., hereby move to withdraw as counsel for Plaintiff.

    2.    Plaintiff was notified on or about February 18, 2009, by telephone and by letter (sent via e-mail and U.S. Mail), of counsel's intention to withdraw. Plaintiff does not oppose this motion to withdraw.

    3.    Plaintiff and his counsel have an irreconcilable conflict which requires the undersigned to seek removal from their obligation of representation in this case. Plaintiff is unable to fulfill an obligation regarding counsel's services and continued representation would result in an unreasonable burden on counsel.

4.   As trial is not set to begin in this matter until November 2009, counsel's withdrawal should not require a continuance or cause undue delay.

5.   In accordance with Rules 2.03(b) and 3.01(g) of the Middle District of Florida, the undersigned notified opposing counsel in writing (by letter sent on February 18, 2009 via e-mail and U.S. Mail) of counsel's intention to withdraw. Opposing counsel notified the undersigned on February 19, 2009, that Defendant does not oppose this motion to withdraw.

**MEMORANDUM**

Local Rule 2.03(b) of the Middle District of Florida requires counsel to seek leave of court prior to withdrawing as the attorney of record in a case. If such withdrawal would likely result in delay or continuance, counsel must establish a compelling ethical consideration such as an "irreconcilable conflict" between herself and the client. Rule 2.03(c); Mekdeci v. Merrell Nat. Laboratories, a Div of Richardson-Merrell, Inc., 711 F.2d 1510, 1520-1521 (11th Cir. 1983)(indicating that a severe "irreconcilable conflict" between counsel and client could constitute they type of "compelling ethical considerations" necessary); Vanhorn v. Behavioral Support Services, Inc., 2008 U.S. Dist. LEXIS 14763 (M.D. Fla. 2008)(denying defense counsel's motion to withdraw where the consequences of withdrawal were "severe."). Where withdrawal would not result in delay or continuance, no such showing would be required.

In this case, it is unlikely that counsels' withdrawal will result in delay or continuance. The jury trial in this matter is not scheduled to begin until November, 2009—more than eight months from the date of this motion. Therefore, there should be more than enough time for Plaintiff to secure substitute counsel prior to trial or, otherwise

be prepared for trial. Counsel's withdrawal should also not cause delay of any of the other deadlines, as there is more than sufficient time to complete discovery before its close on May 8, 2009, and to complete dispositive motions by August 4, 2009. <u>Compare</u>, <u>Energy Lighting Management, LLC, et. al. v. Kinder</u>, 363 F. Supp. 2d 1331 (M.D. Fla. 2005)(granting motion to withdraw where motion was filed more than a year after the filing of the initial complaint, but presumably in sufficient time for plaintiff to proceed pro se) *to* <u>Quinn v. Island Fitness, Inc.</u>, 2008 US Dist. LEXIS 101289 (M.D. Fla. 2008)(denying motion to withdraw where motion was filed just three months before trial).

Moreover, the Florida Bar Rules of Professional Conduct permit counsel to withdrawal where, as here, the client is unable to fulfill an obligation regarding counsel's services and continued representation would result in an unreasonable financial burden on counsel. Rule 4-1.16(b)(4) and (5).[1] In such instances, courts within the Middle District of Florida have permitted plaintiff's counsel to withdraw. <u>See, e.g.</u>, <u>Energy Lighting Management</u>, LLC, at 1332 (permitting plaintiffs' counsel to withdrawal from representation of individual plaintiff where plaintiff was unable to fulfill obligations of counsels' services).

Because Plaintiff and the undersigned counsel have an irreconcilable conflict and because neither Plaintiff nor counsel for the Defendant objects to the relief requested herein, the undersigned hereby respectfully request that they be permitted to withdraw as counsel for Plaintiff.

---

[1] To the extent necessary, Plaintiff is willing to provide the Court the specific reasons behind his inability to fulfill his obligations regarding counsel's services. However, because Plaintiff may ultimately be prejudiced by Defendant's knowledge of such information, he respectfully requests to provide such information *ex parte*, if possible.

To the extent this motion is granted, the Plaintiff has provided the undersigned permission to include the following contact information in this motion:

Antonio Ortiz-Carballo
1748 NE 60th Street
Ocala, FL 34479-1741
Phone: (352) 875-6241

Respectfully submitted,

s/ Cynthia N. Sass
Cynthia N. Sass, Esquire
Florida Bar No. 0691320
Kendra D. Presswood, Esquire
Florida Bar No. 0935001
Law Offices of Cynthia N. Sass, P.A.
601 West Dr. Martin Luther King Jr. Blvd
Tampa, Florida 33603
Phone: (813) 251-5599
Fax:    (813) 259-9797
E-mail: csass@sasslawfirm.com
        kpresswood@sasslawfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 23, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Michel J. Roper, Esquire, at MRoper@BellRoperlaw.com.

s/ Cynthia N. Sass
Cynthia N. Sass, Esquire