UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANTONIO J. ORTIZ-CARBALLO,

     Plaintiff,

vs.                        CASE NO.:  5:08-cv-165-Oc-10GRJ

DAVID R. ELLSPERMANN, IN HIS
INDIVIDUAL AND IN HIS OFFICIAL
CAPACITY AS CLERK OF THE CIRCUIT
COURT, FIFTH JUDICIAL CIRCUIT IN AND
FOR MARION COUNTY, FLORIDA,

     Defendant.

_____/

## DEFENDANT, DAVID R. ELLSPERMANN, IN HIS INDIVIDUAL CAPACITY AND IN HIS OFFICIAL CAPACITY AS CLERK OF THE CIRCUIT COURT'S, FINAL PRETRIAL STATEMENT

Pursuant to this Court's Case Management and Scheduling Order filed July 20, 2008 [D.E. 13], Defendant, DAVID R. ELLSPERMAN, IN HIS INDIVIDUAL AND IN HIS OFFICIAL CAPACITY AS CLERK OF THE CIRCUIT COURT, FIFTH JUDICIAL CIRCUIT IN AND FOR MARION COUNTY, FLORIDA, by and through undersigned counsel, files the following Final Pretrial Statement as follows:

**Meeting of Counsel:**

Pursuant to Local Rule 3.06(b), Defendant's counsel attempted to coordinate the required meeting of counsel in order to facilitate the preparation of this Final Pretrial Statement. Defendant's counsel left voice mail messages on Plaintiff, Antonio Ortiz-Carballo's, cell phone on several occasions, in an effort to schedule this meeting prior to the deadline of October 9, 2009 (10 days prior to the final pretrial conference scheduled for October 19, 2009). In addition, Defendant's counsel sent letters via Federal Express to Mr. Ortiz-Carballo at 1748 Northeast 60th Street, Ocala, Florida 34479, on both September 29, 2009 and October 1, 2009, again, in an effort to comply with Local Rule 3.06(b). Defendant's counsel has never received a response from Plaintiff to any of these efforts to coordinate this meeting.

As such, Defendant's counsel scheduled this meeting of counsel for October 5, 2009, at Accurate Reporting in Ocala, Florida, anticipating that Mr. Ortiz-Carballo may attend, regardless of the fact that no confirmation was ever received. A representative of Defendant's counsel's office appeared for this meeting on October 5, 2009, fully prepared to comply with all requirements of Local Rule 3.06. Plaintiff did not appear and Defendant's counsel has yet to receive any communication from him. Therefore, Defendant hereby files this unilateral Final Pretrial Statement as follows:

**1) Basis of Federal Jurisdiction:**

This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 that confers original jurisdiction upon this Court for actions arising under the laws of the United States and 28 U.S.C. §1343(a)(4) that confers original jurisdiction on this Court in a civil action to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.     This Court also has jurisdiction pursuant to 42 U.S.C. §1981, 42 U.S.C. §1983 and Title VI of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000.

**2) Statement of the Nature of the Action:**

This is a civil action brought by Plaintiff, Antonio Ortiz-Carballo, against Defendant, David Ellspermann, in his Individual and in his Official Capacity as Clerk of the Circuit Court, Fifth Judicial Circuit in and for Marion County, Florida, alleging that he was wrongfully terminated from his employment due to his race and national origin.    Suit has been brought pursuant to the Florida Civil Rights Act of 1992, Ch. 760, Fla. Stat. (2007), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000, and 42 U.S.C. §1981 through 42 U.S.C. §1983.

Defendant denies any unlawful employment practices and asserts that Plaintiff was discharged for legitimate non-discriminatory reasons.

## 3) **<u>General Statement of Each Party's Case:</u>**

**<u>Plaintiff's Statement of the Case:</u>**

Not Provided.

**<u>Defendant's Statement of the Case:</u>**

Plaintiff was hired on November 18, 2005 as an at-will employee whose employment could be terminated at any time with or without notice. Plaintiff's direct supervisor during the entire course of his employment was Denise Kingsley. Kingsley's supervisor was Ozietta Landers Reid, Supervisor for Family Civil Division. Landers' supervisor was Jaymi Kudary, Civil Courts Manager. During the course of Plaintiff's employment he consistently received good evaluations which were performed by Kingsley then reviewed and approved by the Clerk. Indeed, Kingsley recommended Plaintiff for the promotion to the position of Clerk II which was subsequently approved by the Clerk.

On March 5, 2007, Landers received a written memorandum from Plaintiff alleging that two other Clerks, Jennifer Rodriguez and Roseanne Anderson, were not performing their job functions, acted in an unprofessional manner and needed to be more closely supervised. He also requested to be reassigned to another division because he did "not want to deal with this immature behavior." The Memorandum did not contain any allegations or complaints of harassment, discrimination or disparate treatment. After receiving the Memorandum, Landers

met with Plaintiff and Kingsley to discuss the complaints. During that meeting, Plaintiff reiterated the allegations contained in the Memorandum, but not once did he complain about any improper treatment he was experiencing nor did he complain of discrimination directed towards him or any other employee. Plaintiff's request to be reassigned was also discussed and he ultimately agreed to withdraw same. Landers informed Plaintiff she would meet with all the employees involved and encourage them to do a better job of getting along.

In late March of 2007, an issue arose concerning the volume of the ringer on Plaintiff's telephone. At that time Plaintiff was one of four Deputy Clerks working in the Domestic Violence Division. He routinely reduced the volume of the ringer on his phone to a "low" level because he is allegedly startled by loud noises such as the ringing of a telephone. On March 29, 2007, Kingsley advised all staff, including Plaintiff, that the ring volume for all telephones was to remain at level 4 because calls transferred from the Family Civil Division were going unanswered. Kingsley indicated she had personally raised the ring volume on two telephones, but later that same day discovered the ring level had been reduced.

On April 3, 2007, Kingsley met with Plaintiff to discuss this issue during which Plaintiff advised Kingsley he would not comply with her request because having the ring volume at that level startled him. Kingsley advised Plaintiff the directive in question was not just hers, but had been approved by her supervisor,

Landers. Plaintiff responded he still would not comply, and was then disciplined for his refusal to comply with a direct request by his supervisor and provided with an opportunity to respond to the discipline. Although he provided a written response, his response is devoid of any complaint about harassment, discrimination, or retaliation.

On April 4, 2007, Plaintiff directed a Memorandum to the Clerk complaining of the discipline and accused Kingsley of abusing her authority. This memorandum was also devoid of any allegations of race or national origin discrimination. In response, on April 23, 2007, the Chief Deputy Clerk of Administrative Services, Jack Suess, and Kudary met with Plaintiff to discuss the issues raised in the memorandum. Suess advised Plaintiff that any direction from his supervisor, which was not immoral or illegal, was to be complied with and considered to be a direct instruction from the Clerk. Again, no issue of discrimination or retaliation was raised during this meeting. On May 1, 2007, another meeting was held between Plaintiff, Suess and Kudary during which Plaintiff was presented with various options to deal with the issue regarding the ring volume on his telephone. Plaintiff elected to keep the ringer lowered while he was present at his desk, but agreed to increase the ring volume on the telephone every time he stepped away from his desk.

As a result of the continuing administrative issues between Plaintiff and Kingsley related to his work assignments and desk location, on June 11, 2007, the Clerk met with Plaintiff, Kingsley, Kudary and Landers.   During the meeting Plaintiff, without any justification, accused Kingsley of trying to sabotage him and set him up for termination.   The Clerk concluded this unsubstantiated, disrespectful, and insubordinate accusation against Plaintiff's direct supervisor evidenced an irretrievable breakdown of the employee-supervisor relationship and Plaintiff's employment with the Clerk's Office.   The Clerk ended the conference and afforded Plaintiff the opportunity to resign in lieu of termination, which Plaintiff accepted.

At no point during this meeting did Plaintiff complain about discrimination or retaliation based on a prior complaint of discrimination.  However, on June 12, 2007, Plaintiff called the Clerk's Office to verbally rescind his resignation and was thereafter terminated.  On June 13, 2007, the Clerk sent a memorandum to Plaintiff confirming the retraction of his resignation and summarizing the June 11, 2007 meeting.  On June 25, 2007, Plaintiff responded to that memorandum and disputed he had been disrespectful and disruptive to the operations of the office and the relationships within the office.  Yet again, Plaintiff never mentioned any complaint about discrimination, harassment, or disparate treatment.

It is undisputed the only purported discriminatory statements are Kingsley's alleged referral to a co-worker, Torres, as "the little Hispanic girl," once telling Plaintiff "she would never hire another Hispanic person again"; a comment by co-worker, Rodriguez that "you Hispanics are all the same, you're just like my mother-in-law"; and the Clerk's alleged instruction prohibiting Plaintiff from speaking Spanish while at work.

There is no evidence that Defendant discriminated against Plaintiff based on his race and/or national origin.  Plaintiff has failed to identify *any* similarly situated, non-minority employee who was in the same job position, who committed substantially similar acts and who was treated more favorably by the same supervisor.  Indeed, when Plaintiff was asked to specifically identify any such person he was unable to do so.  Any and all actions taken with respect to Plaintiff's employment with the Clerk's Office were based on legitimate non-discriminatory reasons.

Additionally, there is no evidence that Plaintiff was subjected to a hostile work environment based on his race and/or national origin.  Plaintiff cannot establish a *prima facie* case of hostile work environment discrimination based on race or national origin because he cannot establish the alleged conduct was sufficiently severe or pervasive so as to alter the conditions of employment and create an abusive working environment.  Moreover, Defendant maintains a well-

established policy regarding the procedures available to an employee who feels he is being subjected to harassment. The Policy also identifies how to report being harassed and even provides an alternative channel for making complaints if one of the harassers is the employee=s supervisor. However, Plaintiff failed to avail himself of the complaint procedures provided by the Clerk, and thus, failed to both timely put the Clerk on notice of the alleged harassment and to avoid further harm.

Plaintiff did not engage in statutorily protected activity. Instead, his complaints are tantamount to internal employee grievances regarding administrative issues. Since Plaintiff did not make any complaint of discrimination or other unlawful employment practice during his employment Defendant did not, and could not, have retaliated against him.

There is no evidence that Defendant had a custom or long-standing and widespread practice of discrimination that would establish a '1983 claim against Defendant. Further, there is absolutely no evidence Defendant had any improper or discriminatory animus or that either Plaintiff's race and/or national origin played a motivating or substantial factor in his decision to terminate Plaintiff.

Further, there is no evidence that Defendant employed a facially neutral employment practice, vis a vis an alleged prohibition on speaking Spanish in the workplace at any time, that had a significant discriminatory impact nor that the application of that specific employment practice caused any such disparity.

Indeed, Defendant had legitimate non-discriminatory business reasons for its practice, to wit: (1) providing English speaking supervisors in the domestic violence division of the Clerk's Office the ability to manage the office by knowing what was said to victims of domestic violence; (2) providing non-Spanish speaking employees the ability to understand what was being said; and (3) ensuring that supervisors understood what was being said to customers in order to evaluate employees in all work-related communications.

Defendant, individually, would assert entitlement to qualified immunity and would further assert that he did not engage in conduct which would warrant the imposition of punitive damages.

## 4) Exhibit Lists:

Plaintiff's Exhibit List – Not Provided.
Defendants' Exhibit List – Attached hereto as "Exhibit A".

## 5) Witness Lists:

Plaintiff's Witness List – Not Provided.
Defendants' Exhibit List  - Attached hereto as "Exhibit B".

## 6) Expert Witnesses:

Poonam Warman, M.D. is expected to testify regarding medical treatment she rendered to Plaintiff.

## 7) Money Damages:

Defendant is not seeking money damages.

**8) Depositions to be Offered in Evidence:**

Plaintiff's Deposition Designations – Not Provided.
Defendants' Deposition Designations - Attached hereto as "Exhibit C".

**9) Statement of Facts Admitted:**

A) Plaintiff was employed with the Marion County Clerk of Court from November 18, 2005 to June 11, 2007.

B) At the time of his termination, he occupied the position of Clerk II.

C) At all times material hereto, Marion County Clerk of Court had in force and effect a Personnel Policy which prohibited discrimination, including discrimination based on race or national origin.

D) The Personnel Policy provided a mechanism for employees to report complaints of discrimination to the administration of the Marion County Clerk of Court.

**10)  Statement of Applicable Principles of Law:**

A) To establish a *prima facie* case of disparate treatment, Plaintiff must prove he: (1) is a member of a protected class; (2) was qualified for his position; (3) suffered an adverse employment action; and (4) was treated differently than similarly-situated employees outside of his protected class. *Holifield v. Re*no, 115 F. 3d 1555, 1562 (11th Cir. 1997).

B) The employer has a burden of production, not of persuasion, and thus, does not have to persuade a court it was actually motivated by the reason advanced. *Hall v. Alabama Ass'n of Sch. Bds.*, 326 F. 3d 1157, 1166 (11th Cir. 2003).

C) The defendant can satisfy this burden by producing evidence which would allow the trier of fact rationally to conclude the employment decision... [was not] motivated by discriminatory animus. *Texas Dept. of Comty. Affairs v. Burdine*, 450 U.S. 248, 257 (1981).

D) If the defendant can articulate a legitimate, non-discriminatory reason for the adverse employment action, the presumption of discrimination is

eliminated and the burden shifts back to the plaintiff to raise a genuine factual question that the reason offered by the defendant was not the real reason for the adverse employment action. *See Hall*, 326 F. 3d at 1166.

E) A plaintiff must show the employer was, in fact, motivated to discriminate against plaintiff, due to his race and/or national origin, not just that the employment decisions were mistaken or improvident. *See Lee v. GTE Florida, Inc.*, 226 F. 3d 1249, 1253 (11th Cir. 2000).

F) Plaintiff's mere belief, speculation, or conclusory accusation that he was subject to discrimination will not create an inference of discrimination or satisfy his burden when responding to a properly supported motion for summary judgment. *Gaston*, 129 F. Supp. 2d at 1368.

G) In order to be similarly situated, the individuals with whom the plaintiff seeks to compare his treatment must have dealt with the same supervisor, have been subject to the same standards, and must have also engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment. *See Patterson v. Wal-Mart Stores, Inc.*, 1999 WL 1427751 (M.D. Fla. 1999) (citing *Williams v. Publix Warehouse*, 1995 WL 224423, 4 (M.D. Fla. 1995)).

H) Where the same person was responsible for both hiring and firing the individual complaining of discrimination, a strong inference arises that there was no discriminatory motive. *See e.g. Williams v. Vitro Svs. Corp.*, 144 F. 3d 1438 (11th Cir. 1998); *Bradley v. Harcourt Brace & Co.*, 904 F. 3d 267 (9th Cir. 1996); *Evans v. Technologies Applications*, 80 F. 3d 954 (4th Cir. 1996).

I) To establish a *prima facie* case of hostile work environment, Plaintiff must prove each of the following elements: (1) he belongs to a protected group; (2) he has been subjected to unwelcome harassment; (3) the harassment was based on race; (4) the harassment was sufficiently severe and pervasive to alter the terms and conditions of employment and thus create a discriminatorily abusive work environment; and (5) the employer is responsible for that environment under a theory of either direct or vicarious liability. *Laosebikan v. Coca-Cola Co.*, 2006 U.S. App. LEXIS

2419, No. 05-13174 (11th Cir. 2006); *Edwards v. Wallace Cmty. Coll.*, 49 F. 3d 1517, 1521 (11th Cir. 1995).

J) In evaluating the objective severity of the harassment, courts consider, among other factors: (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee=s job performance. *Miller*, 277 F. 3d at 1276, *citing Allen v. Tyson Foods*, 121 F. 3d 642, 647 (11th Cir. 1997).

K) An employer can demonstrate it exercised reasonable care to prevent the harassment by showing it maintained and disseminated a satisfactory harassment policy.

L) Even where the environment was both objectively and subjectively abusive, an employee's failure to report the conduct promptly pursuant to an available policy will defeat his claim. *See Russell v. American Eagle Airlines*, 46 F. Supp. 2d 1330 (S.D. Fla. 1999) *cert. denied*, 121 S. Ct. 855 (2001).

M) To establish a *prima facie* case of retaliation under Title VII, a plaintiff must demonstrate: (1) he engaged in statutorily protected activity; (2) he suffered an adverse employment action; and (3) a causal connection between the participation in the protected activity and the adverse employment action. *Gupta*, 212 F. 3d at 587; *see also Maniccia*, 171 F. 3d at 1364; *Sullivan v. Nat'l R.R. Passenger Corp.*, 170 F. 3d 1056 (11th Cir. 1999).

N) To prove §1983 liability against a municipality based on custom, a plaintiff must establish a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law. *St. Louis v Praprotnik*, 485 U.S. 112, 127 (1988) (*quoting Adickes*, 398 U.S. at 167-68).

O) To establish a *prima facie* case of disparate-impact discrimination, a plaintiff must demonstrate (1) a specific, facially-neutral employment practice, (2) a significant statistical disparity in the racial composition of

employees benefitting from the practice and those qualified to benefit from the practice; and (3) a causal nexus between the practice identified and the statistical disparity. *Cooper v. Southern Co.,* 390 F.3d 695, 716 (11th Cir.2004), *cert. denied,* 546 U.S. 960, (2005).

P) It has long been held that an English-only rule by an employer does not violate Title VI as applied to bilingual employees so long as there is a legitimate business purpose for the rule. *See Gonzalez v. The Salvation Army,* WL 11009379 (M.D. Fla. 1991) *aff'd,* 985 F. 2d 578 (11th Cir. 1993), *cert. den.* 508 U.S. 910 (1993); *Garcia v. Gloor,* 975 F. Supp. 1349, 1354 (5th Cir. 1980); *Prado v. L. Luria & Son, Inc.,* 975 F. Supp. 1349, 1354 (S.D. Fla. 1997) (holding English-only rule did not constitute national origin discrimination).

Q) Qualified immunity offers a complete protection for government officials sued in their individual capacities if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Vinyard v. Wilson,* 311 F. 3d 1340, 1346 (11th Cir.2002) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)); *Lancaster v. Monroe County, Ala.,* 116 F. 3d 1419, 1424 (11th Cir.1997).

R) Once the defendants establish that they were acting within their discretionary authority, the burden shifts to the plaintiff to demonstrate that qualified immunity is not appropriate." *Lumley v. City of Dade City,* 327 F. 3d 1186, 1194 (11th Cir. 2003).

S) Generally, before an award of punitive damages is authorized in a civil rights action, evidence must be presented that the individual defendant's conduct is motivated by evil motive or intent, or that it involved reckless or callous indifference to the federally protected rights of others. *Anderson v. City of Atlanta,* 778 F. 2d 678, 688 (11th Cir. 1985) (citing *Smith v. Wade,* 461 U.S. 30, 35-36 (1983).

11) **Issues of Fact Which Remain to be Litigated:**

A) Whether Plaintiff's discharge was unlawfully motivated by his race or national origin.

B) Whether Plaintiff was treated differently than other similarly situated comparators.

C) Whether Plaintiff was exposed to a hostile work environment.

D) Whether the alleged conduct was sufficiently severe and pervasive so as to alter a term or condition of Plaintiff's employment.

E) Whether Plaintiff complained of discrimination during his employment with the Marion County Clerk of Court.

F) Whether Defendant exercised reasonable care to prevent the harassment.

G) Whether Plaintiff failed to avail himself of the complaint procedures established by Defendant or to otherwise avoid harm.

H) Whether Plaintiff engaged in statutorily protected activity.

I) Whether Plaintiff can establish a causal link between his alleged protected activity and the adverse employment action.

J) Whether Defendant was motivated by retaliatory animus.

K) Whether a constitutional violation occurred.

L) Whether any action was taken pursuant to an official custom or policy of Defendant.

M) Whether Defendant's alleged prohibition on speaking Spanish while conducting the official business of the Clerk's Office was a facially neutral employment practice that had a significant discriminatory impact.

N) Whether Defendant's application of that specific employment practice caused the disparity.

O) Whether Defendant had legitimate non-discriminatory business reasons for its practice.

P) Whether Defendant had legitimate, non-discriminatory reasons for Plaintiff's termination.

Q) Damages, if any.

**12)    Issues of Law to be Litigated**

A) Whether Plaintiff was subject to disparate treatment based on his race or national origin.

B) Whether Plaintiff was subject to hostile work environment discrimination based on his race or national origin.

C) Whether Defendant is entitled to the *Faragher/Burlington* defense.

D) Whether any employment action was taken in retaliation for Plaintiff's complaint about discrimination.

E) Whether there was an official custom, policy or practice which was the moving force behind any of the alleged Constitutional violations, so as to give rise to liability against Defendant pursuant to 42 U.S.C. §1983.

F) Whether Defendant had a facially neutral policy or practice that resulted in disparate impact upon minority employees.

G) Whether Defendant had legitimate, non-discriminatory reasons for terminating Plaintiff's employment.

H) Whether Defendant, Ellspermann, is entitled to qualified immunity.

I) Whether Defendant, Ellspermann, is liable for punitive damages.

**13)    Disagreement on the Federal Rules of Evidence or the Federal Rules of Civil Procedure:**

None.

**14)    Outstanding Motions Which Require Action by the Court:**

a)    Defendant, David R. Ellspermann, In His Official Capacity As Clerk Of The Circuit Court's, Motion For Summary Judgment And Memorandum Of Law In Support Thereof, filed July 31, 2009. [D.E. 32]

b)    Defendant, David R. Ellspermann's, Motion For Summary Judgment And Memorandum Of Law In Support Thereof, filed July 31, 2009. [D.E. 33]

RESPECTFULLY SUBMITTED THIS 13th day of OCTOBER, 2009.

*/s/ Michael J. Roper*
MICHAEL J. ROPER, ESQUIRE
Florida Bar #0473227
Bell, Roper & Kohlmyer, P.A.
2707 East Jefferson Street
Orlando, FL  32803
407-897-5150
407-897-3332 (Fax)
Attorneys for Defendants,
 David Ellspermann, Individually
 and in his Official Capacity
 mroper@bellroperlaw.com

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

ANTONIO J. ORTIZ-CARBALLO,

      **Plaintiff,**

**vs.**               **CASE NO.:   5:08-cv-165-Oc-10GRJ**

DAVID R. ELLSPERMANN, IN HIS
INDIVIDUAL AND IN HIS OFFICIAL
CAPACITY AS CLERK OF THE CIRCUIT
COURT, FIFTH JUDICIAL CIRCUIT IN AND
FOR MARION COUNTY, FLORIDA,

      **Defendants.**

_____/

## DEFENDANTS' AMENDED EXHIBIT LIST

COME NOW Defendants, DAVID R. ELLSPERMAN, IN HIS

INDIVIDUAL AND IN HIS OFFICIAL CAPACITY AS CLERK OF

THE CIRCUIT COURT, FIFTH JUDICIAL CIRCUIT IN AND FOR

MARION COUNTY, FLORIDA, by and through undersigned counsel

and pursuant to Fed.R.Civ.P. 26(a) 3, and file the following Amended

Exhibit List, as part of the Pretrial Statement, in this matter:

## EXHIBIT A

_____ Government    _____ Plaintiff    __X__ Defendant    _____ Court

| Exhibit No. | Date Identified | Date Admitted | Witness | Description of Exhibit |
|---|---|---|---|---|
| 1. | | | | Personnel Rules & Regulations – Clerk of the Circuit Court, Marion County, Florida *(Revised October 2003)* |
| 2. | | | | Personnel Rules & Regulations – Clerk of the Circuit Court, Marion County, Florida *(Revised October 2003)* – SECTION 3, Standards of Conduct |
| 3. | | | | Personnel Rules & Regulations – Clerk of the Circuit Court, Marion County, Florida *(Revised October 2003)* – SECTION 12, Disciplinary Action |
| 4. | | | | Personnel Rules & Regulations – Clerk of the Circuit Court, Marion County, Florida *(Revised October 2003)* – SECTION 13, Employee Grievance Procedures |
| 5. | | | | Excerpt of Personnel Rules – Section 3.04 (Harassment) and Section 4.08 (Probationary Period) |
| 6. | | | | Marion County Clerk of Court Personnel File of Antonio Ortiz-Carballo |
| 7. | | | | Ortiz-Carballo's Application for Employment with Marion County Clerk of Court |
| 8. | | | | Ortiz-Carballo's Resume |
| 9. | | | | 11/22/05 Acknowledgement of Review of August 2003 Personnel Policy Manual |
| 10. | | | | 11/22/05 Acknowledgement of Receipt of Clerk of the Circuit Court Job Description |
| 11. | | | | Clerk of the Circuit Court, Marion County, Florida Job Description *(Revised 05/14/04)* |

*Defendants' Amended Exhibit List – Page 2*
CASE NO.: 5:08-cv-165-Oc-10GRJ

| Exhibit No. | Date Identified | Date Admitted | Witness | Description of Exhibit |
|---|---|---|---|---|
| 12. | | | | 11/22/05 Public Employee Loyalty Oath |
| 13. | | | | 01/17/06 Sworn Affidavit of Appointment as Deputy Clerk |
| 14. | | | | Ortiz-Carballo Employee Activity Log |
| 15. | | | | Ortiz-Carballo Personnel Action Forms |
| 16. | | | | 02/15/06 Employee Performance Evaluation |
| 17. | | | | 05/18/06 Employee Performance Evaluation |
| 18. | | | | 11/18/06 Employee Performance Evaluation |
| 19. | | | | 09/20/05 Email to Jaymi Kudary, et al. from David Ellspermann re Ortiz-Carballo becoming a fulltime employee on 09/27 |
| 20. | | | | 11/14/05 Email to Yvette Patton from Jaymi Kudary re contract with Spherion |
| 21. | | | | 06/16/06 Memo to Ortiz-Carballo from David Ellspermann re promotion to Clerk II |
| 22. | | | | 10/20/06 Letter to Ortiz-Carballo from David Ellspermann re 4% pay increase |
| 23. | | | | 12/15/06 Memo to Ortiz-Carballo from David Ellspermann re 3% merit increase |
| 24. | | | | 12/15/06 Letter to Ortiz-Carballo from David Ellspermann re addition of incentive |
| 25. | | | | 03/05/07 Letter to Ozietta Landers from Ortiz-Carballo re issues with co-workers |
| 26. | | | | 03/29/07 Memo to Ortiz-Carballo, et al. from Denise Kingsley re telephones |
| 27. | | | | 04/03/07 Employee-Supervisor Conference Memo re phone volume issue |

BELL, ROPER & KOHLMYER, P.A.
ATTORNEYS AT LAW
2707 EAST JEFFERSON STREET
ORLANDO, FLORIDA 32803
TELEPHONE (407) 897-5150

*Defendants' Amended Exhibit List - Page 3*
CASE NO.: 5:08-cv-165-Oc-10GRJ

| Exhibit No. | Date Identified | Date Admitted | Witness | Description of Exhibit |
|---|---|---|---|---|
| 28. | | | | 04/04/07 Letter to David Ellspermann from Ortiz-Carballo re phone volume issue |
| 29. | | | | 04/23/07 Memo to personnel file from Jack Suess re meeting with Ortiz-Carballo to discuss Employee-Supervisor Conference |
| 30. | | | | 05/01/07 Memo to personnel file from Jaymi Kudary re options offered to Ortiz-Carballo re phone volume issue |
| 31. | | | | 06/12/07 Email to David Ellspermann from Jaymi Kudary re Ortiz-Carballo will not submit letter of resignation |
| 32. | | | | 06/13/07 Memo to Ortiz-Carballo from David Ellspermann re termination |
| 33. | | | | 06/25/07 Memo to David Ellspermann from Ortiz-Carballo re 06/13/07 memo |
| 34. | | | | Exit Interview  *(Unsigned by Ortiz-Carballo)* |
| 35. | | | | Determination Notice of Unemployment Compensation Claim Filed |
| 36. | | | | Ortiz-Carballo's Applications for Leave (2006 & 2007) |
| 37. | | | | Kronos (Time Card Reports) for Ortiz-Carballo |
| 38. | | | | Documentation re Marion County Clerk of Court Training on Non-Discrimination/ Harassment Policy (April 4 & 5, 2007) |
| 39. | | | | EEOC Charge of Discrimination signed by Ortiz-Carballo 07/12/07 *(510-2007-04532)* |
| 40. | | | | EEOC Dismissal and Notice of Rights signed 12/07/07 |
| 41. | | | | Marion County Clerk of Court EEOC Reports (November 2005 through June, 2007) |

BELL, ROPER & KOHLMYER, P.A.
ATTORNEYS AT LAW
2707 EAST JEFFERSON STREET
ORLANDO, FLORIDA 32803
TELEPHONE (407) 897-5150

*Defendants' Amended Exhibit List - Page 4*
CASE NO.: 5:08-cv-165-Oc-10GRJ

| Exhibit No. | Date Identified | Date Admitted | Witness | Description of Exhibit |
|---|---|---|---|---|
| 42. | | | | Marion County Clerk of Court Organizational Chart *(Revised 05/04/06)* |
| 43. | | | | Discharge Documentation filed with EEOC Position Statement *(510-2007-04532)* |
| 44. | | | | EEOC Charge of Discrimination signed by Ortiz-Carballo 03/05/08 *(511-2008-01610)* |
| 45. | | | | IntraNet Access to Personnel Rules and Regulations |
| 46. | | | | Current Orientation Packet for New Employees – Marion County Clerk of Court |
| 47. | | | | Marion County Clerk of Court – Discharges (01/05/06 through 07/16/07) |
| 48. | | | | Marion County Clerk of Court – Vacancies (02/28/07 through 03/31/07) |
| 49. | | | | Spherion Documents/Applicant Data re Ortiz-Carballo |
| 50. | | | | Medical Records of Ortiz-Carballo from Dr. Evelyn K. Jones |
| 51. | | | | Medical Records of Ortiz-Carballo from Rodney A. Poetter, Ph.D. and Violet D. Poetter, Psy.D. |
| 52. | | | | Medical Records of Ortiz-Carballo from Poonam Warman, M.D. |
| 53. | | | | Affidavit of David Ellspermann |
| 54. | | | | Affidavit of Ozietta Reid |
| 55. | | | | Affidavit of Jennifer Rodriguez |
| 56. | | | | Personnel File of Emilia Torres |
| 57. | | | | Photos of Work Area Cabinet/Shelves |

BELL, ROPER & KOHLMYER, P.A.
ATTORNEYS AT LAW
2707 EAST JEFFERSON STREET
ORLANDO, FLORIDA 32803
TELEPHONE (407) 897-5150

*Defendants' Amended Exhibit List - Page 5*
CASE NO.: 5:08-cv-165-Oc-10GRJ

| Exhibit No. | Date Identified | Date Admitted | Witness | Description of Exhibit |
|---|---|---|---|---|
| 58. | | | | Florida Constitution, Article II, Section 9 |
| 59. | | | | Affidavit of Denise Kingsley |
| 60. | | | | Blow-ups of any exhibit listed herein |
| 61. | | | | Demonstrative Aids |

BELL, ROPER & KOHLMYER, P.A.
ATTORNEYS AT LAW
2707 EAST JEFFERSON STREET
ORLANDO, FLORIDA 32803
TELEPHONE (407) 837-5150

*Defendants' Amended Exhibit List - Page 6*
CASE NO.: 5:08-cv-165-Oc-10GRJ

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**ANTONIO J. ORTIZ-CARBALLO,**

     **Plaintiff,**

**vs.**                 **CASE NO.: 5:08-cv-165-Oc-10GRJ**

**DAVID R. ELLSPERMANN, IN HIS
INDIVIDUAL AND IN HIS OFFICIAL
CAPACITY AS CLERK OF THE CIRCUIT
COURT, FIFTH JUDICIAL CIRCUIT IN AND
FOR MARION COUNTY, FLORIDA,**

     **Defendants.**

_____/

## DEFENDANTS' WITNESS LIST

     COME NOW Defendants, DAVID R. ELLSPERMAN, IN HIS

INDIVIDUAL AND IN HIS OFFICIAL CAPACITY AS CLERK OF THE

CIRCUIT COURT, FIFTH JUDICIAL CIRCUIT IN AND FOR MARION

COUNTY, FLORIDA, by and through undersigned counsel and pursuant

to Fed.R.Civ.P. 26(a)3, and file the following Witness List in this matter:

1. Roseanne Anderson
   Marion County Clerk of Court
   110 NW 1st Avenue
   Ocala, FL 34475

ELL, ROPER & KOHLMYER, P.A.
ATTORNEYS AT LAW
2707 EAST JEFFERSON STREET
ORLANDO, FLORIDA 32803
TELEPHONE (407) 897-5150

*Defendants' Witness List - Page 1*
CASE NO.: 5:08-cv-165-Oc-10GRJ

## EXHIBIT B

2. Renee Benavides
   Marion County Clerk of Court
   110 NW 1st Avenue
   Ocala, FL 34475

3. Valerie Bentum
   c/o Spherion
   500 West 10th Street, No. 307
   Ocala, FL 34474

4. Nicole Brice
   Marion County Clerk of Court
   110 NW 1st Avenue
   Ocala, FL 34475

5. Debra Clark
   Marion County Judicial Center
   110 NW 1st Avenue
   Ocala, FL 34475

6. David Ellspermann
   c/o Michael J. Roper, Esquire

7. Elizabeth Girouard
   Marion County Clerk of Court
   110 NW 1st Avenue
   Ocala, FL 34475

8. Robert Goldberg
   c/o Spherion
   500 West 10th Street, No. 307
   Ocala, FL 34474

9. Carmen Hanson
   Marion County Clerk of Court
   110 NW 1st Avenue
   Ocala, FL 34475

10. Norma Hernandez
    Marion County Clerk of Court
    110 NW 1st Avenue
    Ocala, FL 34475

*Defendants' Witness List - Page 2*
CASE NO.: 5:08-cv-165-Oc-10GRJ

11. Shirley Hogans
    Marion County Clerk of Court
    110 NW 1st Avenue
    Ocala, FL  34475

12. Dr. Evelyn K. Jones
    310 NW 76th Drive, Suite A
    Gainesville, FL 32607

13. Denise Kingsley
    Marion County Clerk of Court
    110 NW 1st Avenue
    Ocala, FL  34475

14. Jaymi Kudary
    Marion County Clerk of Court
    110 NW 1st Avenue
    Ocala, FL  34475

15. Jennifer Marsh
    c/o Spherion
    500 West 10th Street, No. 307
    Ocala, FL  34474

16. Antonio Ortiz-Carballo, Plaintiff
    1748 NE 60th Street
    Ocala, FL  34479

17. Lizbeth Pagan
    Marion County Clerk of Court
    110 NW 1st Avenue
    Ocala, FL  34475

18. Yvette Patton
    Marion County Clerk of Court
    110 NW 1st Avenue
    Ocala, FL  34475

*Defendants' Witness List - Page 3*
CASE NO.: 5:08-cv-165-Oc-10GRJ

19. Rodney A. Poetter, Ph.D.
    Violet D. Poetter, Psy.D.
    3002 SE 1st Avenue
    Building 200
    Ocala, FL 34471

20. Christopher Ramos
    Marion County Clerk of Court
    110 NW 1st Avenue
    Ocala, FL  34475

21. Jonathan Ramos
    Marion County Clerk of Court
    110 NW 1st Avenue
    Ocala, FL  34475

22. Ozietta Reid (f/k/a Landers)
    Marion County Clerk of Court
    110 NW 1st Avenue
    Ocala, FL  34475

23. Jennifer Rodriguez
    Marion County Clerk of Court
    110 NW 1st Avenue
    Ocala, FL  34475

24. Melissa Ruiz
    Marion County Clerk of Court
    110 NW 1st Avenue
    Ocala, FL  34475

25. Jack Suess
    Marion County Clerk of Court
    110 NW 1st Avenue
    Ocala, FL  34475

26. Bernadette Thompson
    Marion County Clerk of Court
    110 NW 1st Avenue
    Ocala, FL  34475

BELL, ROPER & KOHLMYER, P.A.
ATTORNEYS AT LAW
2707 EAST JEFFERSON STREET
ORLANDO, FLORIDA 32803
TELEPHONE (407) 897-5150

*Defendants' Witness List - Page 4*
CASE NO.: 5:08-cv-165-Oc-10GRJ

27. Emilia Torres
    Marion County Clerk of Court
    110 NW 1st Avenue
    Ocala, FL  34475

28. Poonam Warman, M.D.
    1500 SE Magnolia
    Suite 202
    Ocala, FL 34471

29. Debbie Windberg
    Marion County Clerk of Court
    110 NW 1st Avenue
    Ocala, FL  34475


<u>Records Custodians for the following:</u>

30. Spherion
    500 West 10th Street, No. 307
    Ocala, FL  34474

31. Dr. Evelyn K. Jones
    310 NW 76th Drive, Suite A
    Gainesville, FL 32607

32. Rodney A. Poetter, Ph.D.
    Violet D. Poetter, Psy.D.
    3002 SE 1st Avenue
    Building 200
    Ocala, FL 34471

33. Poonam Warman, M.D.
    1500 SE Magnolia
    Suite 202
    Ocala, FL 34471

BELL, ROPER & KOHLMYER, P.A.
ATTORNEYS AT LAW
2707 EAST JEFFERSON STREET
ORLANDO, FLORIDA 32803
TELEPHONE (407) 897-5150

*Defendants' Witness List - Page 5*
CASE NO.: 5:08-cv-165-Oc-10GRJ

<u>CERTIFICATE OF SERVICE</u>

I  HEREBY CERTIFY that on the 2nd day of October, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and mailed a copy of the foregoing, via U.S. Mail Delivery, to Antonio Ortiz-Carballo, 1748 NE 60th Street, Ocala, Florida 34479.

<div style="margin-left:50%">

/s/ Michael J. Roper
MICHAEL J. ROPER, ESQUIRE
Florida Bar #0473227
Bell, Roper & Kohlmyer, P.A.
2707 East Jefferson Street
Orlando, FL 32803
407-897-5150
407-897-3332 Fax
Attorneys for Defendant,
      David Ellspermann
Mroper@bellroperlaw.com

</div>

BELL, ROPER & KOHLMYER, P.A.
ATTORNEYS AT LAW
2707 EAST JEFFERSON STREET
ORLANDO, FLORIDA 32803
TELEPHONE (407) 897-5150

*Defendants' Witness List - Page 6*
CASE NO.: 5:08-cv-165-Oc-10GRJ

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

ANTONIO J. ORTIZ-CARBALLO,

      **Plaintiff,**

vs.                   **CASE NO.:  5:08-cv-165-Oc-10GRJ**

DAVID R. ELLSPERMANN, IN HIS
INDIVIDUAL AND IN HIS OFFICIAL
CAPACITY AS CLERK OF THE CIRCUIT
COURT, FIFTH JUDICIAL CIRCUIT IN AND
FOR MARION COUNTY, FLORIDA,

      **Defendants.**

_____/

## DEFENDANTS' DEPOSITION DESIGNATIONS

COME NOW Defendants, DAVID R. ELLSPERMAN, IN HIS

INDIVIDUAL AND IN HIS OFFICIAL CAPACITY AS CLERK OF

THE CIRCUIT COURT, FIFTH JUDICIAL CIRCUIT IN AND FOR

MARION COUNTY, FLORIDA, by and through undersigned counsel

and pursuant to Fed.R.Civ.P. 26(a)3, and file the following Deposition

Designations in this matter:

ELL, ROPER & KOHLMYER, P.A.
ATTORNEYS AT LAW
707 EAST JEFFERSON STREET
ORLANDO, FLORIDA 32803
TELEPHONE (407) 897-5150

*Defendants' Deposition Designations - Page 1*
CASE NO.: 5:08-cv-165-Oc-10GRJ

## EXHIBIT C

1) **<u>DEPOSITION of ANTONIO ORTIZ-CARBALLO</u>**
   **<u>Taken September 24, 2008</u>**

| **<u>PAGE</u>** | **<u>LINE</u>** |
|---|---|
| 8 | 15 |
| 68 | 23 |
| 74 | 9-12 |
| 290, 292, 293 | 11, 16-17, 7-8 |
| 298 | 3-10 |
| 142 | 11-19 |
| 142-143 | 22-1 |
| 155,158 | 10-24, 6-10 |
| 158 | 17-21 |
| 163-166 | 22-20 |
| 180-182 | 6-22 |
| 192-193 | 7-2 |
| 208-209 | 16-16 |
| 220-222 | 24-19 |
| 210-212 | 13-9 |
| 225 | 8-24 |
| 107 | 10 |
| 117-118 | 12-24 |
| 212-213 | 15-23 |
| 213-215 | 15-22 |
| 205, 287-289 | 9-24, 22-24 |
| 211-212 | 9-9 |
| 286 | 12 |

BELL, ROPER & KOHLMYER, P.A.
ATTORNEYS AT LAW
2707 EAST JEFFERSON STREET
ORLANDO, FLORIDA 32803
TELEPHONE (407) 897-5150

## 2) DEPOSITION of POONAM WARMAN, M.D.
### Taken April 30, 2009

| PAGE | LINE |
|------|------|
| 4 | 20-25 |
| 5 | 1-4 |
| 5 | 10- 20 |
| 5 | 25 |
| 6 | 2-10 |
| 6 | 15 -25 |
| 7 | 1-25 |
| 8 | 1-25 |
| 9 | 1-25 |
| 10 | 1-25 |
| 11 | 1-25 |
| 12 | 1-25 |
| 13 | 1-7 |
| 13 | 21-25 |
| 14 | 1-10 |
| 14 | 11-25 |
| 15 | 1-8 |
| 15 | 14-16 |
| 16 | 10-25 |
| 17 | 1-22 |
| 18 | 18-25 |
| 19 | 1-20 |
| 20 | 4-9 |
| 20 | 12-18 |
| 21 | 3-9 |
| 22 | 4-12 |
| 22 | 17-25 |
| 23 | 1-11 |
| 23 | 20-25 |
| 24 | 1-2 |

BELL, ROPER & KOHLMYER, P.A.
ATTORNEYS AT LAW
2707 EAST JEFFERSON STREET
ORLANDO, FLORIDA 32803
TELEPHONE (407) 897-5150

## CERTIFICATE OF SERVICE

I  HEREBY CERTIFY that on the 2nd day of October, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and also mailed a copy of the foregoing, via U.S. Mail Delivery, to Antonio Ortiz-Carballo, 1748 NE 60th Street, Ocala, Florida 34479.

/s/ Michael J. Roper
MICHAEL J. ROPER, ESQUIRE
Florida Bar #0473227
Bell, Roper & Kohlmyer, P.A.
2707 East Jefferson Street
Orlando, FL 32803
407-897-5150
407-897-3332 Fax
Attorneys for Defendant,
    David Ellspermann
Mroper@bellroperlaw.com

BELL, ROPER & KOHLMYER, P.A.
ATTORNEYS AT LAW
2707 EAST JEFFERSON STREET
ORLANDO, FLORIDA 32803
TELEPHONE (407) 897-5150

*Defendants' Deposition Designations - Page 4*
CASE NO.: 5:08-cv-165-Oc-10GRJ