UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANTONIO J. ORTIZ-CARBALLO

    Plaintiff,

v.                          CASE NO.: 5:08-CV-00165-WTH-GRJ

DAVID R. ELLSPERMANN, in his individual
and in his official capacity as CLERK OF THE
CIRCUIT COURT, FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

    Defendant.
_____/

### DEFENDANT, DAVID R. ELLSPERMANN, IN HIS INDIVIDUAL AND IN HIS OFFICIAL CAPACITY AS CLERK OF THE CIRCUIT COURT'S, MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE OF TRIAL

Defendant, DAVID R. ELLSPERMANN, in his individual and in his official capacity as the CLERK OF THE CIRCUIT COURT ("Clerk"), by and through his undersigned attorneys, pursuant to Local Rule 3.01, hereby files it Memorandum of Law in Opposition to Plaintiff's Motion for Continuance of Trial, and as grounds therefore states:

1. This action arises from Plaintiff's employment with the Clerk. Plaintiff has brought suit against the Clerk in his official capacity pursuant to 42 U.S.C. §§1981 and 1983, Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act

of 1992. Plaintiff alleges he was subjected to (1) disparate treatment discrimination (Counts I, II and III); (2) a hostile work environment (Counts IV, V and VI); (3) retaliation (Counts II, III, V and VI); and (4) disparate impact discrimination (Counts VII, VIII and IX).

    2. On July 28, 2008, this Court issued its Case Management and Scheduling Order setting forth (1) the deadline for completion of discovery (May 8, 2009); (2) the deadline for the filing of dispositive motions (August 4, 2008); (3) the date for the Pre-trial conference which was later rescheduled to October 19, 2009; and (4) the trial date commencing on the Court's three week trial docket beginning November 2, 2009. *See* D.E. 13.

    3. On February 23, 2009, Plaintiff's former counsel, Cynthia A. Sass, Esq. and Kendra D. Presswood, Esq. filed a Motion for Leave to Withdraw as counsel for Plaintiff. Plaintiff was notified of his counsel's intention to withdraw and did not oppose the same. That Motion specifically indicated that counsel's withdrawal would "not cause delay of any of the deadlines, as there is more than sufficient time to complete discovery before its close on May 8, 2009, and to complete dispositive motions by August 4, 2009." *See* D.E. 22 at p. 3. Moreover, the Motion indicated that since the trial was not scheduled for more than eight months from the date of the Motion, Plaintiff would have ample time to secure substitute counsel or otherwise prepare for trial. *See* D.E. 22 at p. 2.

4. On February 24, 2009, the Court entered an Order granting the Motion for Leave to Withdraw as counsel for Plaintiff. The Court specifically instructed Plaintiff that he must advise the Court in writing by March 20, 2009 whether he intends to proceed *pro se* or if he chooses to retain counsel. *See* D.E. 23.

5. In response, Plaintiff filed a Motion for a Federal Public Defender. *See* D.E. 24. The Court correctly denied that Motion and specifically found that Plaintiff had not offered "any argument as to why he is unable to deal with the legal requirements of his case and a review of the Complaint discloses that the legal issues involved in Plaintiff's discrimination claims are neither complex or novel." *See* D.E. 25.

6. Over the course of the past almost eight (8) months, Plaintiff elected to proceed *pro se.* While he has had ample time to conduct discovery, he never made any attempt to schedule a single deposition in this matter. Indeed, since his former counsel's withdrawal, the deposition of the corporate representative for Spherion as well as the deposition of Plaintiff's primary care physician, Poonam Warman, M.D., have been taken. While Plaintiff was properly noticed of the same, he elected not to attend either deposition. Moreover, all of the witnesses from whom Defendant obtained affidavits in support of his Motions for Summary Judgment were disclosed to Plaintiff well prior to his counsel's withdrawal. Yet, Plaintiff never undertook any efforts to schedule their depositions.

7. Discovery has been closed for more than five (5) months. The dispositive motion deadline occurred more than two and a half months ago. The pre-trial conference is scheduled for Monday, October 19, 2009 and trial is set to commence on the three week trial docket beginning November 2, 2009. Plaintiff did not obtain new counsel until two business days before the date of the pre-trial conference. Indeed, Plaintiff's new counsel only entered a Notice of Appearance one business day before the date of the pre-trial conference.

8. Defendant has complied with all of the Court's pre-trial deadlines, including the deadline for filing dispositive motions, and would be severely prejudiced if Plaintiff's motion for continuance is granted. Defendant has expended a vast amount of time and effort in preparing this matter for disposition either via summary judgment or trial and to continue this matter at this stage will result in extreme prejudice to Defendant.

WHEREFORE, DAVID R. ELLSPERMANN, in his individual and in his official capacity as the CLERK OF THE CIRCUIT COURT, respectfully requests that the Court enter an Order denying Plaintiff's Motion for Continuance of Trial.

## MEMORANDUM OF LAW

Generally, the granting or refusal of a continuance is a matter of judicial discretion which will not be reversed unless an abuse of discretion is shown. *See Smith-Weik Machinery Corp. v. Murdock Machine and Engineering Co.,* 423 F. 2d

482 (5th Cir. 1973); *Sellers v. Smith,* 412 F. 2d 1002 (5th Cir. 1969); *Hashwani v. Barbar,* 822 F. 2d 1038 (11th Cir. 1987).

    Here, Plaintiff did not make any diligent efforts to secure counsel until just a few days before the pre-trial conference. Plaintiff was fully aware of the Court's deadlines as evidenced by his timely filing a Response in Opposition to Defendant's Motions for Summary Judgment. Granting the continuance will severely inconvenience Defendant who has been steadily preparing for trial. Moreover, the Court's Case Management and Scheduling Order specifically states that a motion for continuance filed after issuance of its Order is disfavored. Pursuant to Local Rule 3.05(c)(2)(E), "a motion for continuance of any pretrial conference, hearing or trial is distinctly disfavored after entry of the Case Management and Scheduling Order."

    Defendant asserts that Plaintiff has already had one bite at the apple *vis a vis* being afforded ample time to conduct discovery of those witnesses he now deems essential as well as ample opportunity to fully respond to the pending motions for summary judgment. However, Plaintiff now attempts to continue this trial so he can get a second bite at the apple despite the harm and prejudice to Defendant. Accordingly, Defendant respectfully submits that Plaintiff's Motion for Continuance of Trial must be denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 16th 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: David B. Sacks, Esq. at david@sackslegal.com

    /s/ *Cindy A. Townsend*
MICHAEL J. ROPER, ESQ.
Florida Bar No. 0473227
mroper@bellroperlaw.com
CINDY A. TOWNSEND, ESQ.
Florida Bar No. 0788961
ctownsend@bellroperlaw.com
Bell, Roper & Kohlmyer, P.A.
2707 East Jefferson St.
Orlando, FL   32803
407-897-5150 - Telephone
407-897-3332 - Facsimile
Attorneys for Defendant