UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANTONIO J. ORTIZ-CARBALLO

    Plaintiff,

v().                                              CASE NO.: 5:08-CV-00165-WTH-GRJ

DAVID R. ELLSPERMANN, in his individual
and in his official capacity as CLERK OF THE
CIRCUIT COURT, FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

    Defendant.
_____/

## JOINT MOTION TO REMOVE CASE FROM MARCH 1, 2010 TRIAL DOCKET

    Plaintiff, ANTONIO J. ORTIZ-CARBALLO, and Defendant, DAVID R. ELLSPERMANN, in his individual and in his official capacity as the CLERK OF THE CIRCUIT COURT ("Clerk"), by and through their undersigned attorneys, and pursuant to the Federal Rules of Civil Procedure, hereby file this Joint Motion to Remove the Case from the Court's March 1, 2010 Trial Docket in light of Defendant's pending motions for summary judgment (D.E. Numbers 32 and 33), and as grounds therefore state:

    1.       This action arises from Plaintiff's employment with the Clerk.  Plaintiff has brought suit against the Clerk in his official capacity pursuant to 42 U.S.C.

§§1981 and 1983, Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act of 1992. Plaintiff alleges he was subjected to (1) disparate treatment discrimination (Counts I, II and III); (2) a hostile work environment (Counts IV, V and VI); (3) retaliation (Counts II, III, V and VI); and (4) disparate impact discrimination (Counts VII, VIII and IX).

    2.    On July 31, 2009, a Motion for Summary Judgment and Incorporated Memorandum of Law was filed on behalf of Defendant, David Ellspermann, in his official capacity as Clerk of the Court. (D.E. # 32)

    3.    On that same date, a Motion for Summary Judgment and Incorporated Memorandum of Law on behalf of Defendant, David Ellspermann, in his individual capacity was also filed. (D.E. # 33)

    4.    On December 30, 2009, Plaintiff filed a Memorandum in Opposition to the Motion for Summary Judgment filed on behalf of Defendant, David Ellspermann, in his official capacity as Clerk of the Court. (D.E. # 61)

    5.    On that same date, Plaintiff also filed a Memorandum in Opposition to the Motion for Summary Judgment filed on behalf of Defendant, David Ellspermann, in his individual capacity. (D.E. # 62)

    6.    On January 19, 2010, Defendant, David Ellspermann, in his individual and in his official capacity as the Clerk Of The Circuit Court, filed two separate

Reply Memoranda to Plaintiff's responses to Defendant's Motions for Summary Judgment. (D.E. Numbers 64 and 65)

7. The final pretrial conference is scheduled for February 17, 2010 at 11:30 a.m.

8. The jury trial is scheduled on the Court's trial docket commencing March 1, 2010.

9. The parties respectfully request that the above-referenced matter be removed from the Court's March 1, 2010 docket until the Court has had an opportunity to review the pending motions for summary judgment, responses, reply memoranda and exhibits and issue a ruling regarding the same.

10. The undersigned attorneys represent that the request to remove this matter from the March 1, 2010 trial docket has not been made for the purposes of undue delay and would not prejudice either party.

11. The undersigned attorneys represent that they each obtained the consent of their respective clients prior to filing the instant motion.

WHEREFORE, Plaintiff, ANTONIO J. ORTIZ-CARBALLO and Defendant, DAVID R. ELLSPERMANN, in his individual and in his official capacity as the Clerk Of The Circuit Court, respectfully request that the Court enter an Order removing this matter from its March 1, 2010 trial docket and removing all hearings,

deadlines and any other event currently scheduled attendant to the trial of this action.

## **MEMORANDUM OF LAW**

District courts have broad discretion to manage and control the pace of litigation before them. *See Johnson v. Bd. of Regents of Univ. of Georgia,* 263 F.3d 1234, 1269 (11th Cir.2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling). As such, this Court has the discretion and authority to ensure that the above-referenced matter moves to a reasonably, timely and orderly conclusion. Since the pending summary judgment motions are still being reviewed and considered by the Court, the parties respectfully submit that this matter be removed from the Court's March 1, 2010 trial docket.

This Motion is not being made for purposes of delay and will not prejudice either party to this litigation. Indeed, if the case is removed from the Court's trial docket it will ensure that the Court has ample time to review the summary judgment motions, responses and reply memoranda as well as the exhibits filed by both parties. In the event it becomes necessary that this matter be submitted to a jury, the removal will allow the parties to narrow the issues to be tried and streamline the presentation of the evidence, especially if some of the issues are resolved by the entry of summary judgment.

WHEREFORE, Plaintiff, ANTONIO J. ORTIZ-CARBALLO and Defendant, DAVID R. ELLSPERMANN, in his individual and in his official capacity as the CLERK OF THE CIRCUIT COURT, respectfully request that the Court enter an Order removing this matter from its March 1, 2010 trial docket and removing all hearings, deadlines and any other event currently scheduled attendant to the trial of this action.

RESPECTFULLY SUBMITTED THIS 2nd day of February, 2010.

| | |
|---|---|
| /s/ David B. Sacks | /s/ Cindy A. Townsend |
| DAVID B. SACKS, ESQ. | MICHAEL J. ROPER, ESQ. |
| Florida Bar No. 0964409 | Florida Bar No. 0473227 |
| david@sackslegal.com | mroper@bellroperlaw.com |
| The Law Office of David B. Sacks, P.A. | CINDY A. TOWNSEND, ESQ. |
| 1017 Lasalle Street | Florida Bar No. 0788961 |
| Jacksonville, FL 32207 | ctownsend@bellroperlaw.com |
| 904-634-1122 - Telephone | Bell, Roper & Kohlmyer, P.A. |
| 904-355-8855 | 2707 East Jefferson St. |
| Attorney for Plaintiff | Orlando, FL 32803 |
| | 407-897-5150 - Telephone |
| | 407-897-3332 - Facsimile |
| | Attorneys for Defendant |